# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS

No. 10-843v

Filed: November 3, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * *<br>STACEY G. WILLIAMS,<br><br>   Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>   Respondent.<br>* * * * * * * * * * * * * | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | <br><br><br>UNPUBLISHED<br><br>Special Master Gowen<br><br>Attorneys' Fees and Costs;<br>Reasonable Amount to Which<br>Respondent Does Not Object |

Ramon Rodriguez, III, Rawls, McNelis and Mitchell, P.C., Richmond, VA, for petitioner.
Justine Walters, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 8, 2010, Stacey G. Williams ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program,[2] alleging that she developed transverse myelitis, multiple sclerosis, and debilitating neurological symptoms as a result of the influenza vaccine she received on December 10, 2007. Alternatively, petitioner alleges that her underlying condition was significantly aggravated by the influenza vaccine. On April 26, 2016, the parties filed a stipulation in which they agreed to an award of compensation to petitioner. On April 27, 2016,

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

the undersigned issued a decision adopting the parties' stipulation for an award.  See Decision on J. Stip., April 27, 2016.

On October 26, 2016, petitioner filed an application seeking $51,435.80 in attorneys' fees and $12,520.28 in attorneys' costs, for a total sum of $63,956.08.  Petitioner's ("Pet.") Application ("App.") at 6-7.  The application included a statement confirming that petitioner has not personally incurred any fees or costs while pursuing her claim, in accordance with General Order #9.  Pet. and Counsel Statement at 1.  On November 3, 2016, respondent filed a response to petitioner's application, which states: "Respondent does not object to the overall amount sought, as it is not an unreasonable amount to have been incurred for proceedings in this case to date.  Respondent's lack of objection to the amount sought in this case should not be construed as admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs.  Respondent's ("Resp.") Response at 1.

The Vaccine Act permits an award of reasonable attorneys' fees and costs under 42 U.S.C. section 300aa-15(e); see also McCulloch v. Sec'y of Health & Human Servs., No. 09-293v, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (concluding that an attorney's appropriate hourly rate depends, in part, on the prevailing rate for cases in the Vaccine Program; the particular attorney's overall experience, and his experience in the Vaccine program).  Under McCulloch, an attorney with 11-19 years of experience may reasonably request $300-375/ hour.  A 3.7% increase may be applied each year.

In this case, counsel obtained a favorable result for petitioner.  The application for fees and costs was well-prepared.  Counsel of record, Ramon Rodriguez, is a board-certified primary care physician.  He began practicing law in 2002, began representing clients in the Vaccine Program in March 2007, is the lead attorney in his firm's Vaccine Injury Practice, and has served as a guest lecturer on vaccine injury.  Based on this Dr. Rodriguez can reasonably request the upper end of McCulloch rates.  He requested $375/ hour for 2015, when he had 13 years of legal experience.  Pet. App. at 6.  He discounted his rate by 3.7% for each prior year and increased his rate by 3.7% for 2016.  Pet. App. at 5-6.

Based on the reasonableness of petitioner's request and the lack of objection by respondent, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs, pursuant to 42 U.S.C. § 300 aa-15(e).

Attorneys' fees and costs are awarded as follows:

1) **A lump sum of $63,956.08 in the form of a check payable jointly to petitioner and petitioner's counsel of record, Ramon Rodriguez of Rawls, NcNelis and Mitchell, P.C., for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment forthwith.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.